IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CT-3151-FL

| | | |
|---|---|---|
| ANTWONE DENNARD ARCHIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CYNTHIA PITTMAN, THOMAS THOMAS, RANDY LEE, and MR. ANTHONY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

On June 14, 2013, plaintiff filed this action pursuant to 42 U.S.C. § 1983. On July 19, 2013, the court dismissed this action without prejudice because plaintiff failed to comply with the Clerk of Court's notice of deficiency dated June 17, 2013. The action now is before the court on plaintiff's motion for relief from judgment (DE 7) pursuant to Federal Rule of Civil Procedure 60(b). The issue raised is ripe for adjudication.

Federal Rule of Civil Procedure 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). A party seeking relief under Rule 60(b) must cross an "initial threshold," showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993) (internal quotations omitted). If those conditions are met, as the plaintiff in this case has demonstrated, the movant must satisfy "one of the six enumerated grounds for relief under Rule 60(b)," which include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason that justifies relief. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993); Fed. R. Civ. P. 60(b).

The court dismissed plaintiff's action on July 19, 2013, because plaintiff failed to timely correct the following deficiencies: (1) complaint was not on the form prescribed for use by this court; and (2) plaintiff failed to provide the appropriate address information for the defendants. Plaintiff has corrected the noted deficiencies and now is before the court requesting that it re-open his action asserting that he could not timely remedy the noted deficiencies because he lacked access to necessary materials and because he was in the process of being transferred to another correctional facility. The court finds that plaintiff has adequately demonstrated excusable neglect, and the court GRANTS plaintiff's motion for relief from judgment.

The court now conducts a frivolity review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer, and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B). It does not clearly appear from the face of the complaint that plaintiff is not entitled to relief, thus the matter is allowed to proceed.

In summary, plaintiff's motion for relief from judgment (DE 7) is GRANTED, and the Clerk of Court is DIRECTED to re-open this action. Plaintiff is ALLOWED to proceed with his action.

SO ORDERED, this the 29th day of October, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge